**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED SPECIALTY INSURANCE CO., <br> *Plaintiff*, <br> v. <br> POWER CLEANOUTS LLC and HUDSON AVE. DEVELOPMENT LLC <br> *Defendants*, | Civil Action No. 20-cv-08396 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff initiated this action seeking a declaratory judgment as to its obligations under an insurance policy it issued to Defendant Power Cleanouts LLC. Defendant Hudson Ave Development LLC ("Hudson") moved to dismiss the Complaint, arguing that the Court should abstain from hearing the matter. D.E. 6. The Court reviewed the parties' submissions[1] in support and in opposition and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Hudson's motion is denied.

**I.  BACKGROUND**

Plaintiff United Specialty Insurance Co. ("United") issued a commercial general liability policy (the "Policy") to Power Cleanouts, LLC ("Power Cleanouts"), with a policy period of June 15, 2017 to June 15, 2018. D.E. 1 ("Compl." or "Complaint") ¶ 18. Hudson hired Power Cleanouts as a subcontractor to perform work on a construction site that it owned. *See id*. ¶¶ 13-14. A mason working at the site sued Hudson and Power Cleanouts for negligence (the "Underlying Action") following injuries he sustained when a scaffold plank struck him in the head and shoulder. *Id*. ¶

---

[1] Hudson's motion to dismiss, D.E. 6 ("Br."); Plaintiff's opposition, D.E. 9 ("Opp."); and, Hudson's reply in further support of their motion to dismiss, D.E. 10 ("Reply").

15-16. Power Cleanouts and Hudson sought a defense or indemnification for the Underlying Action from United pursuant to the Policy. *Id*. ¶¶ 5-6. Although United has defended Power Cleanouts and Hudson in the Underling Action pursuant to a reservations of rights, United now seeks a declaratory judgment that it has no duty to defend and/or indemnify Power Cleanouts and Hudson under the Policy. *Id*.

Power Cleanouts is the named insured on the Policy. *Id*. ¶ 5. United alleges that the "Classification Limitation Endorsement" in the Policy "strictly limits coverage to the classifications and codes listed on the Commercial General Liability Coverage Declarations page." *Id*. ¶ 26. The classification for the Policy is allegedly "Garbage, Ash and Refuse Collection" and "does not include demolition or construction operations." *Id.* ¶ 27. United further claims that the plaintiff in the Underlying Action sustained injuries in connection with Power Cleanout's "demolition and/or construction operations." *Id.* ¶ 28. United concludes that these injuries are not covered under the Policy because the appliable classification code "does not include any demolition or construction operations or any injuries related to such options." *Id*. ¶ 28.

United next contends that the Policy only covers additional insureds for "bodily injuries" cause by "Power Cleanouts' acts or omissions or by the acts or omissions of those acting on behalf of Power Cleanouts." *Id*. ¶ 32. Plaintiff further alleges that Hudson – who is seeking defense and indemnity as an additional insured – has no coverage under the Policy because it "is alleged to be liable due to its own actions." *Id*. ¶ 33-34.

United further claims that there is no coverage under the medical payments provision of the Policy. *Id*. ¶¶ 35-37. United alleges that the Policy only covers defined medical payments "to the extent that the medical expenses are incurred and reported to the insurer within one year of the date of the accident." *Id*. ¶ 36. United states that the plaintiff in the Underlying Action sustained

injuries on March 15, 2018, but United did not receive notice until April 1, 2020. *Id.* ¶ 37. As a result, United argues it is not liable under the medical payments provision of the Policy. *Id.* ¶ 37.

Finally, United seeks a declaration that it has no duty to defend or indemnify under the "Other Insurance" clause of the Policy. *Id.* ¶¶ 38-41. United alleges that provision provides that the Policy "is excess over any other insurance[.]" *Id.* ¶ 39. United alleges it has no duty to defend in the Underlying Action to the extent any other insurance covers the incident. *Id.* ¶ 40. United also claims it "is entitled to the insured's rights to collect the costs it has paid for the defense of Power Cleanouts and Hudson. from any 'other insurance.'" *Id.* ¶ 41.

United filed its Complaint on July 7, 2020. *Id.* at 13. The Complaint asserts four counts for declaratory judgment. *See id.* ¶¶ 25-41. The present motion followed.

## II.   STANDARD

Hudson requests the Court to decline jurisdiction pursuant to the Declaratory Judgment Act (the "DJA"), 28 U.S.C. §§ 2201-2202. Although the Third Circuit stated that "remand under the DJA implicates neither a lack of subject matter jurisdiction nor a defect in removal procedure," *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 133 (3d Cir. 2014), courts in this district have analyzed abstention arguments pursuant to the DJA under the Fed. R. Civ. P. 12(b)(1) standard. *See Evanston Ins. Co. v. Neuromonitoring Techs., Inc.*, No. CV 18-11497(RMB/KMW), 2019 WL 1916203, at *2 (D.N.J. Apr. 30, 2019).

In deciding a Rule 12(b)(1) motion, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed. A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa.

3

2015) (quoting *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D. Pa. 2015)). Where a 12(b)(1) motion attacks the complaint on its face and does not contest the facts alleged by the non-moving party, the 12(b)(1) motion is treated "like a 12(b)(6) motion" and the Court must "consider the allegations of the complaint as true." *T.L. by & through Latisha G. v. Pennsylvania Leadership Charter Sch.*, 224 F. Supp. 3d 421, 429 (E.D. Pa. 2016) (citing *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016)). Factual attacks, in contrast, argue that subject matter jurisdiction is improper "because the facts of the case . . . do not support the asserted jurisdiction." *Evanston*, 2019 WL 1916203, at *2 (quoting *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). As to factual attacks, courts are permitted "to weigh and consider evidence 'outside the pleadings' to decide whether subject matter jurisdiction is proper." *Id*. Regardless of whether the attack is facial or factual, "the Plaintiff has the burden to prove that the Court has jurisdiction." *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

Neither party discusses whether Hudson's attack is facial or factual. However, Hudson supports its motion to dismiss with a certification of counsel, D.E. 6-2, which refers to facts outside the Complaint. *See generally id*. For example, the certification discusses a state-court case it filed on December 3, 2019 (the "Construction Action"). *Id*. at 2, ¶ 7. The Construction Action is not referenced in the Complaint. Hudson's counsel also submitted a certification in support of Hudson's reply brief, D.E. 10-1. This certification attaches as an exhibit a motion United allegedly filed in the Construction Action, D.E. 10-2.

Because Hudson's motion relies on matters outside the pleadings, the Court construes the motion to dismiss as attempting to mount a factual attack. However, Third Circuit precedent

4

indicates that only facial attacks, and not factual attacks, can be brought in a motion to dismiss before an answer is filed. *See, e.g.*, *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ("The [defendant] filed the attack before it filed any answer to the [c]omplaint or otherwise presented competing facts. *Its motion was therefore, by definition, a facial attack.*" (emphasis added)); *Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) (concluding that "[a]s the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial."). Other courts in this district have reached the same conclusion. *See, e.g.*, *Curlin Med. Inc. v. ACTA Med., LLC*, No. 16-2464, 2016 WL 6403131, at *2 (D.N.J. Oct. 27, 2016) (finding that recent Third Circuit cases support the conclusion that factual attacks to jurisdiction can only be brought post-answer); *Smalls v. Jacoby & Meyers, LLP*, No. 15-6559, 2016 WL 354749, at *2 (D.N.J. Jan. 26, 2016) (same).

As a result, the Court construes the present motion as a facial attack, since Hudson filed its motion pre-answer.[2] Accordingly, the Court "must only consider the allegations of the complaint and documents referenced therein . . . in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000).

**III.    ANALYSIS**

Under the DJA, courts "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (emphasis added). "The Supreme Court has long held that this confers discretionary, rather than compulsory, jurisdiction upon federal courts." *Reifer*, 751 F.3d at 134.

---

[2] Those aspects of Hudson's motion that make a factual attack on subject matter jurisdiction are denied without prejudice. *Smalls*, No. 15-6559, 2016 WL 354749, at *2.

The Third Circuit's holding in *Reifer v. Westport Ins. Corp,* 751 F.3d 129, 132 (3rd Cir. 2014) is instructive. In *Reifer*, the Third Circuit explained that while "the absence of pending parallel proceedings militates significantly in favor of exercising jurisdiction, . . . it alone does not require such an exercise." *Id.* at 144. The Circuit continued that a court may nevertheless decline jurisdiction if the absence of parallel state proceedings is outweighed by opposing factors. *Id.* The *Reifer* court then reviewed non-exhaustive list of opposing factors:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of the parties;
> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Id.* at 146.

In *Kelly v. Maxum Specialty Ins. Grp.*, the Third Circuit clarified the application of the *Reifer* factors and the meaning of "parallel proceeding." *See Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 288 (3rd Cir. 2017). The *Kelly* court rejected the following definition of a "parallel proceeding" that had developed among the district courts: "a state proceeding parallels a federal action where there is the *potential* that the federal claims might be satisfactorily adjudicated in state court." *Id.* (emphasis in original). The Third Circuit reasoned that this definition improperly expanded a district court's discretion to decline jurisdiction. *Id.* Instead*,* the court in *Kelly* explained that "there must be a substantial similarity in issues and parties between

6

contemporaneously pending proceedings." *Id.* at 284. To determine whether proceedings are parallel, the Third Circuit instructed courts to consider the following: "the scope of the state court proceeding, the claims and defenses being asserted, and whether the necessary parties had been or could be joined." *Id.*

### A. Parallel Proceedings

Hudson concedes that the Underlying Action "and the present matter most likely do not constitute parallel proceedings." Br. at 6. Hudson argues that because United was initially sued as a third-party defendant in the Underlying Action, that it "*could have* answered and filed a cross claim seeking declaratory relief against Hudson." *Id*. at 7. Hudson also asserts that United "misleadingly, and in bad faith, represented to Hudson that it would honor its obligation under the policy to defendant Hudson." *Id*. Hudson appears to rely on a parallel proceeding standard that the *Kelly* court rejected, *i.e.*, that "a state proceeding parallels a federal action where there is the potential that the federal claims might be satisfactorily adjudicated in state court." *Kelly*, 868 F.3d at 284. Instead, the Court must examine whether there is "substantial similarity in issues and parties," *id.* at 284, as to the Underlying Action and this case.

The Underlying Action and this case are not substantially similar. Here, as in *Kelly*, United is not a party to the Underlying action even though Hudson initially filed a third-party complaint against United. D.E. 6-2 at 3, ¶ 17; *Kelly*, 868 F.3d at 287 ("[T]he two proceedings here are not parallel. [The insurer] is not a party to the Tort Action[.]"). As a result, the relief which United seeks here is not at issue in the Underlying Action. In addition, the primary issue in Underlying Action is whether Hudson and Power Cleanouts are liable to the plaintiff for negligence. Compl. ¶¶ 12-16. As the *Kelly* court recognized, questions of potential liability and insurance coverage

for such potential liability are distinct. *Kelly*, 868 F.3d at 287. The Underlying Action is not a parallel proceeding for purposes of DJA jurisdiction.

Hudson's Reply appears to contend that the Construction Action could constitute a parallel proceeding. Reply at 2. As best the Court can discern, Hudson seems to argue that a determination as to whether United is obligated to provide coverage in this action will be dispositive of the coverage dispute in the Construction Action. *Id*. at 2-3. However, as discussed, the Court is evaluating Hudson's motion as a facial attack to this Court's subject matter jurisdiction. Thus, the Court will not consider evidence pertaining to the Construction Action at this stage. *See Gould Elecs. Inc.* 220 F.3d at 176. To the extent Hudson contends that the Construction Action is a parallel proceeding, that argument is denied without prejudice.[3]

"[T]he absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." *Kelly*, 868 F.3d at 282 (quoting *Reifer,* 751 F.3d at 144). The Court must now determine if opposing factors enumerated in *Reifer* outweigh the lack of parallel proceedings. *Id*.

### B. *Reifer* Factors

Hudson first contends that a decision by this Court would prematurely absolve United of its obligations under the Policy in both the Underlying Action and the Construction Action. D.E. Br. at 7. Hudson argues that because the Construction Action and the Underlying Action involve the same construction project, similar parties, and the same Policy, a decision by this Court would "muddy the waters" if discovery in the Underlying Action reveals that the damages should have

---

[3] United filed a Motion for Leave to File a Sur-Reply, D.E. 11, along with a proposed Sur-Reply Brief, D.E. 11-4, to address Hudson's arguments in reply concerning the similarities between the Policy and the insurance policy at issue in the Construction Action. Although the Court grants the motion pursuant to L. Civ. R. 7.1(d)(6) the Court does not consider information pertaining to the insurance policy at issue in the Construction Action for the reasons stated above.

been covered by United. *Id.* Again, the Court will not consider the Construction Action at this stage. Regardless, Hudson's arguments ignore the relevant question. A declaratory judgment by this Court will resolve any uncertainty as to United's coverage obligations to Power Cleanouts and Hudson in the Underlying Action. *Kelly*, 868 F.3d at 288; *see also Evanston*, 2019 WL 1916203, at *4 (finding first factor satisfied where "a decision in this action will resolve the uncertainty regarding Evanston's obligation to defend and indemnify NMT, and therefore weighs in favor of exercising jurisdiction."). The first factor weighs in favor of exercising jurisdiction.

Hudson next argues that its strong objections to adjudication before this Court should weigh against the exercise of jurisdiction. Br. at 8 (citing *Markel Ins. Co. v. Connolly, Connolly & Huen, LLP,* Civ. No. 2:17–1885 (WJM), 2017 WL 4618750, (D.N.J. Oct. 16, 2017)). In response, United asserts that Hudson's objection is irrelevant, and that it has otherwise stated no inconvenience to the parties. Opp. at 15. Hudson cites to *Markel*, which in a parenthetical described the Third Circuit's decision in *State Auto Ins. Co. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000) as indicating that a defendant's vigorous objection to a district court's jurisdiction "weighed in favor of refusing to entertain the action." *Markel*, 2017 WL 4618750, at *4. More recent cases have not taken into consideration a defendant's objection to the federal forum and instead have focused on the proximity of the federal forum to the underlying state forum. *See Kelly*, 868 F.3d at 288 ("Second, none of the parties will be inconvenienced by having this matter adjudicated in the federal forum. The District Court considering the Declaratory Action sits in the same city as the court in which the Kellys originally filed suit."); *Main St. Am. Assurance Co. v. Connolly Contractors, Inc.*, No. CV 19-4241, 2020 WL 6712228, at *1 (E.D. Pa. Nov. 16, 2020) ("[A]lthough Glenn White argues that this Court is inconvenient because the Brick House Farms development is in Delaware County, the Eastern District of Pennsylvania includes Delaware

9

County."); *see also Evanston*, 2019 WL 1916203, at *4 ("The second *Reifer* factor is neutral, because although neither Evanston nor NMT are citizens of New Jersey, the Court sees no reason why litigating in the District of New Jersey would be any more or less convenient than litigating in state court in New Jersey."). The second factor also weighs in favor of exercising jurisdiction. The Underlying Action was filed in the Superior Court of New Jersey, Hudson County, and this Court sits in an adjacent county.

Both parties agree that there is no public interest at stake. See D.E. Br. at 9; D.E. Opp. at 16. Accordingly, the third factor is neutral.

United argues that, like in *Kelly*, 868 F.3d at 289, the state court and this Court are equally able to grant the relief sought. Opp. at 16. Hudson contends that forum in this Court is inconvenient because United had the opportunity to defend itself as a third-party in the Underlying Action but declined to do so. Br at 9; *see also* Reply at 7-8. Hudson cites to *Onebeacon* where the court, in abstaining from the federal action, relied on the defendant's option to add the plaintiff as a third-party defendant in the underlying state-court action. *Onebeacon Ins. Co. v. Russell,* No. 11–870 (MLC), 2011 WL 10620333 (D.N.J. Apr. 29, 2011). Hudson's arguments miss the mark. The relevant inquiry focuses on whether "state and federal courts are equally able to grant effective relief in these circumstances." *Kelly*, 868 F.3d at 289. Since the decision in *Onebeacon*, the Third Circuit clarified that what issues *might* be litigated in state court are irrelevant to the decision of exercising jurisdiction. *Kelly*, 868 F.3d at 283-84. The fourth *Reifer* factor weighs in favor of exercising jurisdiction.

Hudson next argues that there is a general policy of abstention from adjudicating declaratory actions, even in those cases where the insurer is not a named party in the state court action. Br. at 10. In support, Hudson cites to *Nationwide Mut. Ins. Co. v. Lowe*, 95 F. Supp. 2d

10

274, 275 (E.D. Pa. 2000). *Nationwide* is distinguishable because there the district court found that the state court would have to decide whether one of the plaintiffs in the underlying case was an employee or independent contractor of the insured based on the claims and defenses already asserted in the state court. *Id*. at 276. Here, Hudson fails to point to any issue currently pending before the state court that is implicated by United's Complaint. In addition, the *Nationwide* court partially relied on the *possibility* that another plaintiff's status as an employee or independent contractor *might* be determined in the underlying state case. This reasoning is no longer pertinent in light of *Kelly's* holding that courts should only consider those issues that are *actually* pending before the state court. *See Kelly*, 868 F.3d at 286. The fifth *Reifer* factor weighs in favor of exercising jurisdiction.

As to the avoidance of duplicative litigation, the Underlying Action and this matter are distinct for the reasons discussed above. Accordingly, "there is no reason . . . to be concerned about duplicative litigation." *Kelly*, 868 F.3d at 289. The sixth *Reifer* factor weighs in favor of exercising jurisdiction.

Turning to *res judicata* (or claim preclusion) concerns, Hudson admits that United is not a party to the Underlying Action but appears to argue that United is attempting to race for *res judicata* as to the Construction Action. Br. at 11. United is not a party to the Underlying Action. Neither party conducts an analysis as to how a decision in this action will have a preclusive effect in the Underlying Action. And it is unclear to the Court how claim preclusion applies given that Underlying Action is not addressing coverage under the Policy. Accordingly, the Court finds that the seventh *Reifer* factor does not weigh against the Court exercising jurisdiction.

The eighth *Reifer* factor only applies in the insurance context. *Reifer*, 868 F.3d at 146. Hudson asserts that a conflict of interest exists here because "United disingenuously represented

11

to Hudson that it would provide a defense in the Tort Action" demonstrating "the extreme dangers faced by additional insureds . . . when they rely . . . upon the insincere representations of an unscrupulous insurance company." Br. at 12. Those aspersions aside, Hudson has failed to demonstrate how this conduct – assuming it is true – amounts to a conflict of interest.[4] In *Kelly*, the Third Circuit found relevant to the eighth factor that the insurance company was not a party to the underlying state court action. *Kelly*, 868 F.3d 289. Here, United is not a party to the Underlying Action. Accordingly, this factor does not weigh in favor of declining jurisdiction.

Based on the evaluation of the *Reifer* factors, the Court finds that it is appropriate to exercise jurisdiction. In *Kelly*, the Third Circuit instructed that in the absence of parallel proceedings, a court should only decline jurisdiction after ensuring itself that the *Reifer* factors outweighed the lack of parallel proceedings. *Kelly*, 868 F.3d at 289. No factors weigh in favor of abstention. For these reasons, the Court will exercise jurisdiction. Hudson's motion to dismiss is denied.

### IV. CONCLUSION

For the reasons stated above, Hudson's Motion to Dismiss, D.E. 6, is denied without prejudice and United's Motion for Leave to File a Sur-Reply, D.E. 11, is granted. An appropriate Order accompanies this Opinion.

Dated: June 17, 2021

_____
John Michael Vazquez, U.S.D.J.

---

[4] Hudson cites to *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 389 (5th Cir. 2003), Br. at 12, Reply at 9-10, in support of its argument that there is a conflict of interest. However, it does not appear that the court in *Sherwin-Williams* evaluated whether a conflict of interest existed. Moreover, it is unclear how the portions of *Sherwin-Williams* quoted in Plaintiff's brief demonstrate that a conflict of interest exists here.